## INDEBTEDNESS OF PRIMARY DEVISEE TO ESTATE OF TESTATOR.

### BAKER ET AL V. CARPENTER, EXECUTOR.

69 Ohio State—Decided, October 13, 1903.

*Devisee of Will—Dies During Lifetime of Testator—Leaving Issue—Such Issue Takes Devise Subject to Indebtedness of Primary Devisee—Law of Wills—Section 5971, Revised Statutes.*

Under the provisions of Section 5971, Revised Statutes, where a devisee named in a will dies during the lifetime of the testator, leaving issue, such issue takes the estate so devised "in the same manner the devisee would have done if he had survived the testator." And if such primary devisee is indebted to the estate of the testator, his issue is entitled under said statute to have and take only so much of the amount bequeathed to the parent (the primary legatee) as is left after the payment of his debt.

Error to the Circuit Court of Greene County.

On April 25, 1900, A. G. Carpenter, as executor of the will of Jacob W. Baker, deceased, under favor of Section 6202, Revised Statutes, commenced an action in the Court of Common Pleas of Greene County, Ohio, for the purpose of obtaining the judgment and direction of said court as to the proper distribution to be made by him, as executor, of the property and estate to be by him administered under the provisions of the will of said Jacob W. Baker. Plaintiff attached to his petition, and made part of it, a copy of the will of said Jacob W. Baker, which will is in the words and figures following, to-wit:

"I, Jacob W. Baker, of Greene county, Ohio, do make and publish this my last will and testament:

"Item 1. After the payment of all the just debts, I will and bequeath to my son, John Q. A. Baker, as compensation and in lieu of all claims he might have against my estate on account of care, nursing and attention given and to be given me, the sum of three dollars per week from January 1, 1891, to January 1, 1893, and the sum of six dollars per week from January 1, 1893, till my death, if I shall so long remain with him, but if I shall not remain with him and receive his care, nursing and attention so long, then till I shall go elsewhere.

"Item 2. After payments aforesaid, I bequeath the residue of my estate equally between my three children, share and share alike; that is to say, one-third to Justice L. H. Baker, one-third to John Q. A. Baker, and one-third to Mary P. Taylor.

"Item 3. I will and direct that my executor cause my farm to be appraised by three disinterested appraisers to be appointed by the probate court of said county in parcels; that is to say, so much thereof as lies on the north side of the Xenia and South Plymouth road in one parcel, and so much as lies on the south side of said road in other parcel. It is my will that my son, John Q. A. Baker, be allowed to take such north portion at the appraisement, and my son, Justice L. H. Baker, be allowed to take the south portion at the appraisement—each on the terms of one-third cash, one-third in one year, and one-third in two years, deferred payments to be secured by mortgage on premises and to bear six per cent. interest. But the probate court may modify these terms, if it deems the same proper to do in respect to times of payment. Should either or both my sons decline to take said respective portions at the appraisement, then the same shall be sold under order of said court—that is, the untaken portion or portions.

"Item 4. I nominate and appoint A. G. Carpenter the executor of my will.

"In testimony whereof witness my hand this April 17, 1894.                    ".JACOB W. BAKER.

"Signed by us as witnesses in the presence of all at the request of said Jacob W. Baker at the date aforesaid, he acknowledged the same as his last will:

"THOMAS L. MORRIS,
"F. W. OGAN."

In his petition the plaintiff alleged that at the time of the execution of said will, to-wit, April 17, 1894, J. Q. A. Baker, Mary P. Taylor and Justice L. H. Baker, the legatees therein named, were all in full life. That thereafter, and during the lifetime of the testator, Justice L. H. Baker died, leaving surviving him, as his children and only heirs at law, G. O. Baker, Elma R. Bush, Anna R. Baker, John L. Baker, Emma J. Baker, Frank Baker, Justus W. Baker, Wilbur C. Baker and Zola Baker. It

further appears from the averments of said petition that Justice L. H. Baker, a legatee under said will, and the father of the plaintiffs in error, was at the time of his death indebted to the testator, Jacob W. Baker, upon two promissory notes in the sum of about $1,400, and the prayer of the petition was that plaintiff might have "the direction and judgment of the court in the matter of his duties respecting said notes. Whether the amount due thereon is to be taken as a part of the assets of the estate of his testator, Jacob W. Baker, and whether such amount is to be deducted from the distributive share that would be coming to the children and heirs of said Justice L. H. Baker, deceased." The answer, so-called, which was filed by the children of Justice L. H. Baker, who are plaintiffs in error herein, does not controvert or deny the allegations of the petition, but asserts the claim only : "The one-third of the entire estate of said Jacob Baker, after the payment of certain debts and charges, was by his said will devised to said L. H. Baker without being subject to any other or further charges, debts, or deductions; and that these defendants by reason of the death of said J. L. H. Baker after the execution of said will and prior to the death of said testator, take the estate devised to said J. L. H. Baker (their father) without any charges, debts, or deductions by reason of or on account of said promissory notes mentioned in said petition."

Upon the hearing of this cause in the court of common pleas that court found and adjudged that said notes were due the estate of said Jacob Baker, deceased; that they were assets in the hands of plaintiff as his executor, and directed plaintiff to deduct and retain the amount due thereon from the distributive share belonging to the children and heirs at law of said Justice L. H. Baker, deceased, under the provisions of said will. The case was appealed by defendants below, plaintiffs in error here, to the circuit court, and a like order and judgment was made and entered by that court. To reverse this finding

and judgment of the circuit court this proceeding in error is prosecuted.

*W. A. Paxson* and *T. L. Magruder,* for plaintiffs in error.

*Chas. L. Spencer. Snodgrass & Schnebly* and *H. L. Smith,* for defendants in error.

CREW, J.; BURKET, C. J., SPEAR, SHAUCK and PRICE, JJ., concur.

The question presented for decision in this case involves the construction of Section 5971 of the Revised Statutes of Ohio. That section provides as follows:

"When a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall have been dead at the time of making of the will, or shall die thereafter leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have done if he had survived the testator; or if such devisee shall leave no such issue, and the devise be of a residuary estate to him or her, and other child or relative of the testator, the estate devised shall pass to, and vest in such residuary devisee surviving the testator, unless a different disposition shall be made or required by the will."

It is the claim of counsel for plaintiff in error in this case that by force of the provisions of this section, that on the death of Justice L. H. Baker, their father, the interest and estate bequeathed to him by the will of Jacob W. Baker, vested in them as the children of said Justice L. H. Baker, directly and immediately under the will of their grandfather, as a devised estate, and that they take the same unincumbered by and discharged of any debt due the testator from their father.

The sole question we are called upon to consider and determine in this case is, whether these plaintiffs in error who are not named in the will of Jacob W. Baker as devisees or legatees, but are such only by way of substitu-

tion and by force of the provisions of above Section 5971, take the property or estate bequeathed to their father subject to the equities which would have existed against it in his hands had he survived the testator, or whether they take it in their own absolute right and discharged of all such equities. There can be no doubt, and counsel for plaintiffs in error concede, that if Justice L. H. Baker, the primary legatee named in this will, were here in person asking to recover his legacy or his distributive share of his father's estate under said will, that the court would say to him, if you would have your legacy you must pay your debt, if you will not pay you must suffer your legacy to be applied in discharge of it, and such decree would not only be in accord with justice and sound reason but would be in keeping and harmony with the principle of equality which pervades our laws of descent and distribution. Such then being the standard by which the rights of a primary legatee thus situated must be measured and determined, are these plaintiffs in error, who are devisees or legatees only by substitution, entitled to have or to hold a better or more advantageous position in the distribution of this estate than could their immediate ancestor, the primary legatee? The answer is to be found in the construction and interpretation proper to be given to above Section 5971, Revised Statutes. What then is the true interpretation, meaning and effect of this statute? In the construction and interpretation of statutes of this character—remedial statutes—and as an aid both in determining the legislative intent and the meaning and effect proper to be given to the statute itself, it is helpful and important to inquire what was the old law, what the mischief which existed under it, and what the remedy intended to be applied by the Legislature by the enactment of the particular statute, the interpretation of which is being considered. Before the enactment of Section 5971, under the rule of the common law if a legatee should die before his testator, his legacy would lapse, and such lapsed legacy would fall into the residuary fund, if any,

of testator's estate, and thus might pass to those who had no natural or rightful claim whatever upon the testator's bounty.   Prior to the time of the enactment of this section, such was the law of this state that if a father made a will distributing his estate as he thought proper among his children, and one of them should die in the father's lifetime, leaving children, unless the testator was wise enough and thoughtful enough to anticipate and provide in his will for such contingency, the children of his deceased child would take nothing, but the children of the testator who survived him would take the whole estate. To remedy this imperfection and to relieve against this harshness and injustice of the common law our statute was passed.

The statute, as its title shows, was designed and intended to relieve against a hardship by preventing the lapsing of devises and legacies, and its sole purpose and effect, as we think, was and is, upon the happening of the contingency therein mentioned, to place the grandchildren of a testator in their parent's stead, and to give to them the right to take what such parent would have taken if he had survived the testator.   But certainly we think it was not the purpose, and could never have been the intention of the Legislature by the enactment of this statute, to secure to the grandchildren of the testator greater rights and privileges than their parent—the primary legatee— could have had; nor may we reasonably assume that it was the intention of the Legislature to give to such grandchildren rights against other beneficiaries under the will which the person in whose place they stand, and for whom they are substituted, never would himself have been permitted to assert.   Yet such result must inevitably follow if the statute under consideration is to have the construction and interpretation contended for by the plaintiffs in error.   The rule of construction is elementary that statutes must always be construed so as to give effect to the intent and object of the Legislature.   The statute now under review, as we have seen, was designed to relieve

from a hardship, and should, therefore, be so read and interpreted as to cure the mischief it was intended to remedy, but its meaning and effect must not be enlarged or extended by construction beyond the purpose of its enactment. The plaintiffs in error in this case are not named in the will of Jacob W. Baker as legatees, nor anywhere designated in said will as beneficiaries of the testator; they are mere "statute made" legatees, who by force of the provisions of Section 5971 take the place of their father and are given what, but for his death, would have gone to him as primary legatee under said will, and as such substituted legatees they must bear the burdens and be subject to the same equities that would have existed against him if he had survived the testator. In other words, in the language of the statute itself, they "must take in the same manner as he would have done had he survived the testator." The circuit court in this case having so found and adjudged, its judgment is

*Affirmed.*